IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAINOR VALENZUELA, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:15-cv-742-K-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This civil action was opened when Plaintiff Mainor Valenzuela, a federal inmate, filed, in his closed criminal case, a "Motion To Return Personal Property Pursuant [sic] Fed. R. Crim. P. 41(g) By A Person In Federal Custody." *See* Dkt. No. 3; *see also United States v. Valenzuela*, No. 3:11-cr-147-K (17) (N.D. Tex.), Dkt. No. 641. And it has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

The government now moves to dismiss Valenzuela's complaint for failure to state a claim. *See* Dkt. No. 18. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant the motion and dismiss Valenzuela's claim as against the United States with prejudice.

**Applicable Background**

Valenzuela ultimately pleaded guilty to a single count of drug conspiracy in this

Court.

He was arrested following a traffic stop by the Grand Prairie Police Department ("GPPD") on May 4, 2011. GPPD seized 40 kilograms of "ice" (a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity) from the vehicle in which Valenzuela was a passenger. *See* No. 3:11-cr-147-K (17) (N.D. Tex.), Dkt. No. 263 (factual resume).

Valenzuela now seeks the return of $1,614.00 that he claims was also seized from him after his May 4, 2011 arrest by GPPD. *See* Dkt. No. 3 at 2. Attached to Valenzuela's Federal Rule of Criminal Procedure 41(g) motion/complaint is a May 12, 2011 Sworn Statement of Seizing Officer completed by Detective S. Gates #271, identified as a GPPD officer, in which Officer Gates testifies that $1,614.00 was seized from Valenzuela "for an Asset Forfeiture Hearing" because of "the large amount of methamphetamine and the alert on the money by" a narcotics canine. *See id.* at 6-8.

Nowhere in Valenzuela's complaint does he allege that the currency was seized by the federal government or that GPPD transferred or forfeited the seized currency to the federal government or an agency or agent of the federal government. Nor does Valenzuela allege that the currency was seized by GPPD at the direction of the United States. The December 2011 factual resume establishing his drug conspiracy conviction also does not mention the seized currency.

## Legal Standards

Federal Rule of Civil Procedure 12(b)(6)

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts

as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context also include attachments to the complaint. *See Katrina*, 495 F.3d at 205. Otherwise, for purposes of deciding a Rule 12(b)(6) motion to dismiss, the Court may not consider – and the parties should not submit – other documents.

Federal Rule of Criminal Procedure 41(g)

"Rule 41(g) of the Federal Rules of Criminal Procedure permits '[a] person aggrieved ... by the deprivation of property [to] move for the property's return.'" *Jacobo-Flores v. United States*, Civ. A. No. L-07-105 & Crim. A. No. L-02-842-3, 2008 WL 4415146, at *2 (S.D. Tex. Sept. 24, 2008) (quoting FED. R. CRIM. P. 41(g)). Such a motion "brought after the criminal proceeding is over is treated as a civil equitable action for return of property" and invokes "the Court's general equity jurisdiction under 28 U.S.C. § 1331." *Id.* (citing *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007); other citations omitted).

While "[e]quitable relief is not appropriate if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief," "[w]hether to exercise equitable jurisdiction in a given case is subject to the sound discretion of the district court." *United States v. Mason*, 207 F. App'x 477, 477 (5th Cir. 2006) (per curiam) (citations, internal quotation marks, and original bracket omitted).

Critical here, "appropriate circumstances exist for a Rule 41(g) motion only if the United States possesses the property." *Hill v. United States*, 296 F.R.D. 411, 414 (E.D. Va. 2013) (citing *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997)); *see also Bailey*, 508 F.3d at 740 ("If the district court finds that the government no longer possesses the currency [sought, the] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)." (citing *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998))).

But, "[i]n 'limited circumstances,' a defendant may use Rule 41(g) 'as a vehicle to petition for the return of property seized by state authorities.'" *Hill*, 296 F.R.D. at 414 (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)). As recognized in *Hill*, *Clymore* was superseded by the Civil Asset Forfeiture Reform Act of 2000, *see id.*, but it "remains good authority" for explaining the limited circumstances in which Rule 41(g) applies to property seized by state authorities, *id.* at 414 n.5.

> These circumstances include "actual federal possession of the property forfeited by the state," or constructive federal possession of the property: (1) where the government uses the property as evidence in the federal prosecution, or (2) where the federal government directed state officials to seize the property. *Clymore*, 164 F.3d at 571 (citations omitted); *see United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006); *Solis*, 108 F.3d 722-23. Moreover, a state's decision to defer prosecution to the United States by itself, fails to confer constructive possession of property seized during the state investigation. *Copeman*, 458 F.3d at 1072.

*Id.*; *cf. Mason*, 207 F. App'x at 477-78 (electing not to consider defendant's argument that his "case falls into 'limited circumstances' in which a federal motion may [be] used

as a vehicle for return of property held by state authorities" because defendant "failed to address the Government's threshold contention – adopted as a conclusion by the district court in its order denying his motion – that he had an adequate remedy at state law").

## Analysis

Preliminarily, the government has filed with its Rule 12(b)(6) motion an appendix containing two pleadings filed by Valenzuela – his Rule 41(g) motion/complaint and his motion for leave to proceed in forma pauperis – and a declaration from an agent with the Drug Enforcement Agency ("DEA"). *See* Dkt. No. 19. But, because the undersigned has not considered the DEA agent's declaration (or any portion of the government's motion relying on that declaration) in making this recommendation, the Court need not convert the motion to dismiss into a motion for summary judgment. *See, e.g., S.E.C. v. Guardian Oil & Gas, Inc.*, No. 3:14-cv-1533-BN, at *6 (N.D. Tex. Dec. 23, 2014) (refusing to consider arguments in a Rule 12(b)(6) motion that relied on matters outside of the pleadings and, then, also not converting the motion to dismiss into a motion for summary judgment) (citing FED. R. CIV. P. 12(d); *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)).

Even without considering matters outside the pleadings, Valenzuela cannot allege a plausible claim against the United States for return of the currency. He has not alleged that the United States possess the currency seized by the GPPD in May 2011 – in fact, he alleges that a GPPD officer "took custody of the currency and placed it in an uncontaminated brown paper bag." Dkt. No. 3 at 3; *see also id.* at 6-8 (GPPD

sworn affidavit regarding the seizure of the currency).

Valenzuela also has not alleged that the United States has constructive possession of the currency. He does not allege that – nor do the facts plausibly support a reasonable inference that – the United States directed GPPD to seize the currency.

And, because Valenzuela's federal prosecution has long since concluded, to the extent that the currency was ever at one point possibly evidence to be used against Valenzuela in his federal prosecution, that potential past purpose does not equate to current constructive possession by the United States.

As explained in *Hill*, to the extent that *Clymore* suggests that the prior use of property

> in a federal prosecution may confer federal constructive possession of those items, a subsequent Tenth Circuit case clarified: "[A]s we said in *Clymore*, property seized and held by state law-enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution."

296 F.R.D. at 415 (quoting *Copeman*, 458 F.3d at 1072 (in turn citing *Clymore*, 164 F.3d at 571; *Solis*, 108 F.3d at 723)); *see also United States v. Rhoiney*, No. 02-40014-01-RDR, 2006 WL 3533095, at *2 (D. Kan. Dec. 7, 2006) ("*Copeman* characterizes the *Clymore* holding as requiring a present potential for use as evidence in a federal prosecution.").

Finally, but importantly, this Court also should not provide Valenzuela the equitable relief that he seeks because he has not established "that he has no state remedy to obtain" the currency seized by GPPD. *Hill*, 296 F.R.D. at 416 (citing

*Copeman*, 458 F.3d at 1073 ("When state avenues of relief [are] open to [the movant], he cannot show an inadequate remedy at law."); *accord Mason*, 207 F. App'x at 477-78.

## Recommendation

The Court should grant the government's motion to dismiss [Dkt. No. 18] and dismiss Valenzuela's claim as against the United States with prejudice

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 1, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE